UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL REISING, | : |
|         Plaintiff, | : |
| v. | :   No. 3:09-cv-1941 (RNC) |
| UNITED RECOVERY SYSTEMS, et als, | : |
|         Defendant. | :   January 25, 2010 |

## ANSWER

The defendants, United Recovery Systems, LP, ("United") et al by and through the undersigned counsel, for their Answer to the Complaint herein, hereby deny each and every averment, except as expressly stated below, as follows:

1. Defendants deny the allegations of this Paragraph 1.

2. Defendants deny the allegations of this Paragraph 2.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 3 and therefore leave the plaintiff to his proof.

4. Admit that plaintiff is an adult individual and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph 4 and therefore leave the plaintiff to his proof.

5. Admit that United operates as a collection agency, has its principal office in Texas and sometimes acts as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), but deny the remaining allegations of this Paragraph 5.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 6 and therefore leave the plaintiff to his proof.

7. Admit that United, at times, acted through one or more collectors, and otherwise deny the remaining allegations of this Paragraph 7.

8. Defendants admit that a financial obligation was incurred and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations if this Paragraph 8.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 9 and therefore leave the plaintiff to his proof.

10. Admit that creditor requested that United collect amounts on its behalf but deny knowledge as to whether such amounts were a "debt" for purposes of the FDCPA, and otherwise deny the remaining allegations of this Paragraph 10.

11. Admit that United attempted to collect amounts for a creditor and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 11 and therefore leave the plaintiff to his proof.

12. Defendants deny the allegations of this Paragraph 12.

13. Defendants deny the allegations of this Paragraph 13.

14. Defendants deny the allegations of this Paragraph 14.

15. Defendants deny the allegations of this Paragraph 15.

16. Admit that defendants sought to demand payment in full of amounts owed to its creditor client and that the parties did not agree upon a payment plan and otherwise deny the remaining allegations of this Paragraph 16.

17. Defendants deny the allegations of this Paragraph 17.

18. Defendants deny the allegations of this Paragraph 18.

19. Defendants deny the allegations of this Paragraph 19.

20. Defendants deny the allegations of this Paragraph 20.

21. Defendants deny the allegations of this Paragraph 21.

22. Defendants deny the allegations of this Paragraph 22.

23. Defendants repeat and re-allege the answers to paragraph 1 through 22 of the Complaint as their answer to this Paragraph 23 as though fully set forth herein.

24. Defendants deny the allegations of this Paragraph 24.

25. Defendants deny the allegations of this Paragraph 25.

26. Defendants deny the allegations of this Paragraph 26.

27. Defendants deny the allegations of this Paragraph 27.

28. Defendants deny the allegations of this Paragraph 28.

29. Defendants deny the allegations of this Paragraph 29.

30. Defendants deny the allegations of this Paragraph 30.

31. Defendants deny the allegations of this Paragraph 31.

32. Defendants deny the allegations of this Paragraph 32.

33. Defendants deny the allegations of this Paragraph 33.

34. Defendants deny the allegations of this Paragraph 34.

35. Defendants deny the allegations of this Paragraph 35.

36. Defendants deny the allegations of this Paragraph 36.

37. Defendants deny the allegations of this Paragraph 37.

38. Defendants deny the allegations of this Paragraph 38.

39. Defendants repeat and re-allege the answers to paragraph 1 through 38 of the Complaint as their answer to this Paragraph 39 as though fully set forth herein.

40. This paragraph contains a mere statement of law that does not require a response. To the extent a response is required, defendants deny that this Paragraph 40 accurately or completely states the law.

41. Defendants deny the allegations of this Paragraph 41.

42. Defendants deny the allegations of this Paragraph 42.

43. Defendants deny the allegations of this Paragraph 43.

44. Defendants deny the allegations of this Paragraph 44.

45. Defendants deny the allegations of this Paragraph 45.

46. Defendants deny the allegations of this Paragraph 46.

47. Defendants repeat and re-allege the answers to paragraph 1 through 46 of the Complaint as their answer to this Paragraph 47 as though fully set forth herein.

48. Defendants deny the allegations of this Paragraph 48.

49. Defendants deny the allegations of this Paragraph 49.

50. Defendants deny the allegations of this Paragraph 50.

### First Affirmative Defense

Plaintiff's claims are barred in that, in whole or in part, the Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Any violation of the Fair Debt Collection Practices Act by defendant, which defendant denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### Third Affirmative Defense

The plaintiff's claims are barred, in whole or in part, to the extent they occurred outside of the applicable limitations period.

THE DEFENDANTS

_____
Jonathan D. Elliot

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd., Suite 500
Bridgeport, CT 06604
Tel: (203) 333-9441
Fax: (203) 333-1489
Email: jelliot@znclaw.com

Their Attorney

## CERTIFICATION

I hereby certify that on January 25, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____
Jonathan D. Elliot