UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Paul Reising, | : |
| | : Civil Action No.: 3:09-cv-01941-SRU |
| Plaintiff, | : |
| v. | : |
| | : |
| United Recovery Systems, L.P.; and DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |

**PROPOSED CASE MANAGEMENT PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

Date Complaint Filed: November 30, 2009.

Date Complaint Served: December 11, 2009.

Date of Defendant's Appearance: January 25, 2010.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on May 3, 2010. The participants were:

    Sergei Lemberg, Esq. for Plaintiff, Paul Reising.

    Jonathan D. Elliot, Esq. for Defendant, United Recovery Systems, L.P.

**I.   Statement Regarding Sanctions**

**The parties do not believe sanctions are appropriate in this case because the delay in submitting the plan resulted from protracted but unsuccessful settlement negotiations.**

**II.   Certification**

    Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt

settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.

Counsel further certifies that they have forwarded a copy of this report to their clients.

### III. Jurisdiction

    a. Subject Matter Jurisdiction

    This court has subject matter jurisdiction over the claims in this action, as the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA").

    b. Personal Jurisdiction

    Personal jurisdiction is not disputed.

### IV. Brief Description of Case

This case arises from the Defendant's attempt to collect on a debt which was allegedly incurred by Plaintiff primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692(a)(5).

**A. Claims of Plaintiff**

The following is alleged by Plaintiff:

- The Plaintiff incurred a debt which was thereafter purchased, assigned or transferred to Defendant for collection.
- The subject debt was incurred primarily for family, personal or household purposes and is therefore subject to the FDCPA.
- The Defendant's attempts to collect the debt violated several provisions of the FDCPA in that the Defendant:

2

- Contacted the Plaintiff numerous times per day, including weekends;
- Continued to call the Plaintiff at his place of employment and at his home despite the Plaintiff having requested that the Defendant stop contacting him;
- Used rude and abusive language when speaking with the Plaintiff;
- Demanded that the debt be paid in full and refused to accept partial payments;
- Threatened to garnish the Plaintiff's wages if he did not pay the debt;
- Threatened to put a lien on the Plaintiff's business even though they did not have a court order; and
- Did not send the Plaintiff any written correspondence explaining to the Plaintiff his legal rights under federal or state law, even after he requested that they do so.

### B. Defenses and Claims of Defendant

Defendant denies the material allegations of the Complaint and has asserted affirmative defenses.

### V. Statement of Undisputed Facts:

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

- Defendant is a corporation that sometimes functions as a debt collector.
- Plaintiff is a natural person residing in the state of Connecticut.

VI.  **Case Management Plan:**

   A.  **Standing Order on Scheduling in Civil Cases**

   The parties **request** modification of the deadlines in the Standing Order on Scheduling in Civil Cases [as follows]:

   B.  **Scheduling Conference with the Court**

   The parties **do not request** a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

   C.  **Early Settlement Conference**

   1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement remains possible although the prospects are unknown.

   2. The parties **do not request** an early settlement conference.

   3. The parties prefer a **settlement conference with a magistrate judge.**

   4. The parties **do not request** a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

   D.  **Joinder of Parties and Amendment of Pleadings**

   1. By June 28, 2010, unless the deadline is extended by agreement of the parties or order of the Court.

   E.  **Discovery**

   1. The parties anticipate that discovery will be needed on the following subjects:

   - Defendant's debt collection file,

4

- Defendant's servicing records,
- Defendant's phone call and correspondence,
- Ownership of the alleged debt, or proof that the alleged debt was transferred to the Defendant for collection,
- The obligation underlying the alleged debt,
- The basis for Defendant's defenses,
- Other issues raised by the pleadings, including damages.

The foregoing is not to be construed as an acknowledgement of the propriety of any particular discovery demand or method, and the Parties' rights to object to discovery as propounded are expressly preserved.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by October 31, 2010.

3. Discovery will **not** be conducted in phases.

4. The parties anticipate that the Plaintiff will require a total of **1 deposition** of fact witnesses and that the Defendant will require a total of _2_ depositions of fact witnesses. The depositions will be completed by October 31, 2010.

5. The parties **will not** request permission to serve more than 25 interrogatories.

6. Plaintiff does not intend to call expert witnesses at the present time. Plaintiff/s will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 28, 2010. Depositions of any such experts will be completed by October 31, 2010.

7. Defendant/s [intend] [do not intend] to call expert witnesses at trial. Defendant/s will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 30, 2010. Depositions of such experts will be completed by October 31, 2010.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by June 1, 2010.

9. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: The parties will preserve all electronically stored information and accept disclosure of electronically stored information as pdf documents. The Parties will undertake to search their electronically stored records for responsive documents and information by utilizing search terms and procedures known by the disclosing party to be reasonably calculated to locate responsive documents and information.

10. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production.

Following is the position of each party: In addition to the procedures delineated in FRCP 26(b)(5), any Party who becomes aware of having received from a disclosing party a document which, on its face, appears to be (a) subject to privilege or the work product doctrine and (b) produced through error or inadvertence, will promptly notify the disclosing party of the disclosure. The disclosing party will then have 7 days within which to invoke the procedures set forth in FRCP 26(b)(5)(B) except that the recipient will be subject to the requirements and prohibitions set forth in FRCP 26(b)(5)(B) from the date upon which such party becomes aware of having received the document until the later of the expiration of 10 days from notice to the producing party or the date upon which the claim of privilege is resolved.

**F. Dispositive Motions:**

Dispositive motions will be filed on or before November 29, 2010.

**G. Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by the later of December 28, 2010 **or 30 days after the final disposition of any dispositive motion leaving issues for trial.**

## VII.   TRIAL READINESS

Subject to the implementation of the provisions of Sections V-F and V-G of this report, the case is expected to be ready for trial by January 28, 2011.

As officers of the Court, undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted,

Dated: May 21, 2010

/s/ Sergei Lemberg

By _____

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
*Attorneys for Plaintiff*

Dated: May 21, 2010

/s/ Jonathan D. Elliot

By: _____

Jonathan D. Elliot, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Blvd., Suite 500
PO Box 1740
Bridgeport, CT 06601-1740
Telephone: 203-333-9441
Facsimile: 203-333-1489
*Attorneys for Defendant*